Citation Nr: 1730456 
Decision Date: 07/31/17 Archive Date: 08/09/17

DOCKET NO. 13-25 466 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an initial compensable evaluation for diplopia with left superior oblique palsy.


REPRESENTATION

Veteran represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

K. Kardian, Associate Counsel






INTRODUCTION

The Veteran served on active duty from December 1960 to December 1961.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

The Board has reviewed the electronic records maintained in Virtual VA and Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran contends he is entitled to a compensable evaluation for his service-connected diplopia with left superior oblique palsy. The Board finds that a remand is warranted for the Veteran to be provided a video conference hearing before a Veterans Law Judge (VLJ). 

This case was previously before the Board in March 2017 and was remanded for the Veteran to be afforded a video conference hearing before a VLJ. The Board notes that in his VA Form 9 dated September 2013 the Veteran requested a video conference. Subsequent to the March 2017 remand, notice was sent to the Veteran in May 2017 regarding a scheduled June 19, 2017 video conference hearing. See May 18, 2017 VA correspondence. This notice was sent to the Veteran at an address in San Diego, California the Veteran failed to attend the June 19, 2017 video conference hearing, and the notice was later returned as undeliverable. Then in July 2017 correspondence the Veteran submitted an updated address and phone number, noting he resided in Salton City, California. See July 3, 2017 Veteran statement. As such the Board finds that remand is warranted for the Veteran to be afforded notice and a video conference hearing. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Schedule the Veteran for a video conference hearing before a Veterans Law Judge, at the earliest available opportunity. The Veteran should be notified of the date, time and place of such a hearing. Thereafter, process the appeal in accordance with the established appellate procedure.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).